480 So.2d 346 (1985)
Eugene NEPVEAUX, et ux., Plaintiffs-Appellants,
v.
Madelyn Courvelle FITZGERALD, et al., Defendants-Appellees.
No. 84-876.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
*347 John H. Weinstein, Opelousas, for plaintiffs-appellants.
William G. Whatley and Theodore Ted Jones, Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
DOMENGEAUX, Judge.
This suit for injunctive relief and damages was filed by Eugene Nepveaux and Catherine Nepveaux against Madelyn Courvelle Fitzgerald, Donald Fitzgerald, Jr., and Scott Fitzgerald. The suit seeks an injunction and damages on account of the defendant's violation of building restrictions in the Linwood Subdivision West, Opelousas, Louisiana. The defendants filed various exceptions, among them a peremptory exception of prescription. The district judge ruled that the plaintiffs' suit prescribed and dismissed their case. The plaintiffs have appealed the ruling of the district court.
On March 29, 1979, Eugene Nepveaux and Catherine Nepveaux purchased Lot 12 in the Linwood Subdivsion West, Opelousas, Louisiana, and commenced to build a home for their family on the lot.
Several months later Mr. and Mrs. Robert Vige purchased two lots, 13 and 13A, adjoining plaintiffs' property. These lots were subsequently sold to Donald D. Fitzgerald and Madelyn Fitzgerald by an act of sale entered into on June 17, 1981. On approximately August 9, 1981, construction began and was subsequently completed on twelve townhouses built in four-unit clusters. Each townhouse contained approximately 1,100 square feet and cost about $30,000.00.
At the time the Nepveauxs purchased their lot, certain building restrictions were in effect. Their act of sale incorporated the restrictions by reference. The Viges' act of sale had the building restrictions attached. The Fitzgeralds' act of sale incorporated the restrictions by reference. On August 27, 1982, Mr. and Mrs. Nepveaux filed a petition for declaratory judgment against Linwood Realty Company, Inc. and Donald Fitzgerald alleging that the construction of the townhouses by Mr. Fitzgerald were in violation of certain enumerated building restrictions. The petition prayed only that the court enter a judgment "fixing and determining the rights, status and other legal relations existing between and among the parties in this litigation,..." After trial, the district court ruled that certain of the building restrictions dealing with minimum size and cost of any house built on lots in the subdivision were not applicable to the townhouses and denied relief.
Mr. and Mrs. Nepveaux appealed the decision of the district court. In Nepveaux v. Linwood Realty Company, Inc., 435 So.2d 589 (La.App. 3rd Cir.1983) we held that Mr. Fitzgerald's townhouses violated the building restrictions as they did not conform to the minimum square footage or cost requirements of the building restrictions. We remanded the case to the district court for appropriate declaratory relief and on April 11, 1984, the district court signed a judgment decreeing the townhouses a violation of the restrictive covenant.
On May 18, 1984, the plaintiffs, Mr. and Mrs. Nepveaux, filed the present lawsuit. The petition names as defendants: Madelyn Courvelle Fitzgerald, Donald Fitzgerald, Jr., and Scott Fitzgerald;[1] and seeks injunctive relief as well as damages. The plaintiffs' suit prays that injunctions issue which would direct the defendants to stop the occupancy of the townhomes, alter the subject structures so that they will be in compliance with the building restrictions or have them removed altogether.
*348 Among the numerous pleadings filed by the defendants was an exception of prescription which the district court sustained after a hearing. The district judge dismissed the plaintiffs' case.
The sole issue presented by this appeal is whether the district judge properly sustained the defendants' exception of prescription. The appellants contend that the exception of prescription should not have been sustained. They argue that the initial suit for declaratory judgment and this suit for injunctive relief and damages are founded upon the same cause of action. Such being the case, appellants assert that the timely filed petition for declaratory judgment interrupted prescription on this subsequent lawsuit because both involved the same cause of action although each suit prays for a different and distinct remedy. This assertion is based upon La.C.C. Art. 3462 which provides:
"Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
We find that appellants' assertion lacks merit and that although the district judge reached the proper conclusion his reasons for doing so were misguided.
The pertinent time period within which a party must institute a lawsuit based upon the violation of a building restriction is found in La.C.C. Art. 781. That article provides:
"No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a noticeable violation. After the lapse of this period, the immovable on which the violation occurred is freed of the restriction that has been violated."
Although the heading and comments to Article 781 refer to the time period contained therein as a liberative prescription period it is evident that it is a peremptive period.
We note at the outset that a court may on its own motion supply the plea of peremption. La.C.C. Art. 3460.
The jurisprudence of Louisiana distinguishes peremption from liberative prescription. In Pounds v. Schori, 377 So.2d 1195 (La.1979), the Louisiana Supreme Court pointed out the dissimilarities. There the Court noted:
"Our jurisprudence has long recognized a major distinction between a statute of limitations (prescription) and a peremption. It has been repeatedly held that prescription bars the remedy sought to be enforced and terminates the right of access to the courts for enforcement of the existing right. A peremptive statute, however, totally destroys the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced. Ashbey v. Ashbey, 41 La.Ann. 102, 5 So. 539 (La. 1889); Guillory v. Avoyelles Railway Company, 104 La. 11, 28 So. 899 (La. 1900); Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415 (La. 1935); Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (La.1953); Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971)."
Recently, the Louisiana Legislature codified the existing jurisprudential definition of peremption. La.C.C. Art. 3458 which became effective on January 1, 1983, defines peremption in this way:
"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."
Louisiana Civil Code Article 781 provides a two year time period for instituting a suit for an injunction or damages because of the violation of a building restriction. That Article also states that if suit is not filed within the two year period "the immovable on which the violation occurred is freed of the restriction that has been violated." *349 The right created by the building restriction is extinguished, not merely the right to seek judicial interference for the enforcement of the building restriction. As Article 781 contains this hallmark of peremption we are convinced that it creates a peremptive time limitation.
Such being the case, the plaintiffs-appellants' initial suit for a declaratory judgment could not interrupt the running of the two year time limitation since peremption admits of neither interruption nor suspension. Flowers, Inc. v. Rausch, 364 So.2d 928 (La.1978), and Pounds v. Schori, supra. "Peremption may not be renounced, interrupted, or suspended." La.C.C. Art. 3461.
We are aware that Comment c to La.C.C. Art. 3461 makes the following notation:
"(c) In contrast with prescription, peremption may be neither interrupted nor suspended. See Pounds v. Schori, 377 So.2d 1195 (La.1979); Flowers Inc. v. Rausch, 364 So.2d 928 (La.1978). Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220, 239 (1980).
Nevertheless, when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pending the lapse of the period of peremption does not extinguish the right."
We are nevertheless constrained from applying the suggestion contained in that comment. La.C.C. Art. 13 states that: "[w]hen a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit." See also Breaux v. Town of Oberlin, 247 So.2d 195 (La.App. 3rd Cir. 1971). Furthermore, comments form no part of a law, are not binding, and are merely aids to interpretation. Bruno v. Hartford Accident & Indemnity Company, 337 So.2d 241 (La.App. 3rd Cir.1976).
La.C.C. Art. 3461 clearly and emphatically states "Peremption may not be renounced, interrupted, or suspended." A clear and unambiguous expression of the legislative intent is contained in Article 3461, and as such we are forced to strictly interpret that Article and are precluded from considering the comments thereto. We therefore hold that La.C.C. Art. 781 creates a peremptive time period for instituting suits for injunctive relief or damages arising out of a violation of building restrictions. We further hold that we can assert peremption on our own motion and that peremption cannot be interrupted. Therefore, as two years have expired since the violation of the building restrictions first began, the building restrictions which were violated by the townhouses are extinguished as to the property they are situated upon.[2]
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Mr. Donald Fitzgerald, one of the defendants in the initial suit for declaratory judgment passed away prior to the filing of this suit.
[2] This conclusion makes moot any discussion concerning whether the initial suit for declaratory judgment and the subsequent suit for injunctive relief and damages were founded upon the same cause of action.