555 So.2d 39 (1989)
William G. FARRELL
v.
Colleen Twomey FARRELL and Andrew Michael Farrell.
No. CA 88 1780.
Court of Appeals of Louisiana, First Circuit.
December 19, 1989.
Madeleine Slaughter, Covington, for plaintiff, appellant.
Kirk Vaughn, Arabi, for defendant, appellee.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
Plaintiff/Appellant, William G. Farrell, appeals the dismissal of his petition to disavow paternity, on the exception of prescription filed by defendant/appellee, Colleen Twomey Farrell. Appellant alleges as error the sustaining of the exception, claiming that he had an "excusable reason" for failing to file his petition within the 180 day time period required by La.C.C. art. 189.
William G. Farrell and Colleen Twomey Farrell were married on May 23, 1986. Andrew Michael Farrell was born on August *40 11, 1987 in Jefferson Parish. Mr. Farrell filed the petition to disavow paternity on February 1, 1988 in Orleans Parish, in which he alleged that, "[a]t the time of conception of the child, the mother and father, petitioner herein, were domiciliaries of Orleans Parish." A curator was appointed to represent the minor child, and was served with process on February 17, 1988. Mrs. Farrell was served on March 3, 1988.
Mrs. Farrell filed a declinatory exception of improper venue on April 4, 1988. Mr. Farrell filed an ex parte motion[1] and order to transfer the case to St. Tammany Parish, which was granted on April 15, 1988. Pursuant to this order, the record from Orleans Parish was transferred to St. Tammany Parish and filed on May 6, 1988. Thereafter, Mrs. Farrell filed the exception of prescription which is the subject of this appeal.
Louisiana Civil Code article 189 provides as follows:
A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability.
Mr. Farrell filed suit in Orleans Parish 174 days after the birth of Andrew Michael Farrell; however, the suit was transferred and filed in St. Tammany Parish 269 days after the birth of the child. Appellant alleges that Mrs. Farrell made certain misrepresentations or perpetrated fraud on him which prevented him from timely filing his disavowal action. Appellant further argues that because of this fraud or misrepresentation, he should have had until late April of 1988 to file his action.[2] Appellant then concludes that since the curator and Mrs. Farrell were served prior to April of 1988, interruption of prescription occurred under La.C.C. art. 3462.[3]
The time limitation imposed by La. C.C. art. 189 is peremptive. Pounds v. Schori, 377 So.2d 1195 (La.1979)[4] The Louisiana Supreme Court has questioned whether La.C.C. art. 3462 is applicable to a peremptive period. See Loop, Inc. v. Collector of Revenue, 470 So.2d 112 (La.1985). In Pounds v. Schori, the supreme court found that a precursor of article 3462, La. R.S. 9:5801[5], did not apply to peremption. 377 So.2d at 1200. The Third Circuit has reached a negative conclusion on this question in Nepveaux v. Fitzgerald, 480 So.2d 346 (La.App. 3d Cir. 1985).
The plaintiffs in Nepveaux sought injunctive relief and damages for a building restriction violation on the part of the defendants; defendants claimed the time limitation for such a suit had expired. Plaintiffs, therein, countered that a previous lawsuit instituted between the same parties wherein a declaratory judgment (that the building restriction violation existed) was *41 sought and rendered, interrupted the running of "prescription" under La.C.C. art. 3462. Louisiana Civil Code article 3461 provides that, "[peremption may not be renounced, interrupted, or suspended." Comment (c) to that article reads as follows:
In contrast with prescription, peremption may be neither interrupted nor suspended. See Pounds v. Schori, 377 So.2d 1195 (La.1979); Flowers Inc. v. Rausch, 364 So.2d 928 (La.1978). Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220, 239 (1980).
Nevertheless, when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pending the lapse of the period of peremption does not extinguish the right.
The Nepveaux court declined to apply Comment (c) to article 3461 and in holding that the first lawsuit did not interrupt the running of the time limitation of La.C.C. art. 781,[6] the court reasoned as follows:
We are nevertheless constrained from applying the suggestion contained in that comment. La.C.C. Art. 13 states that: "[w]hen a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit." See also Breaux v. Town of Oberlin, 247 So.2d 195 (La.App. 3rd Cir. 1971). Furthermore, comments form no part of a law, are not binding, and are merely aids to interpretation. Bruno v. Hartford Accident & Indemnity Company, 337 So.2d 241 (La.App. 3rd Cir. 1976).
La.C.C. Art. 3461 clearly and emphatically states "Peremption may not be renounced, interrupted, or suspended." A clear and unambiguous expression of the legislative intent is contained in Article 3461, and as such we are forced to strictly interpret that Article and are precluded from considering the comments thereto. We therefore hold that La.C.C. Art. 781 creates a peremptive time period for instituting suits for injunctive relief or damages arising out of a violation of building restrictions. We further hold that we can assert peremption on our own motion and that peremption cannot be interrupted.
We agree with the result reached by the Nepveaux court; however, we believe the court misinterpreted the meaning of Comment (c) to La.C.C. art. 3461. The reference to article 3462 in Comment (c) does not require the application of article 3462 to peremption. It merely means that in order for a right subject to peremption to be considered exercised, an action must be commenced under the same circumstances as described in article 3462. Thus, when the action is filed in a court of competent jurisdiction and venue, if the peremptive time period expires during the pendency of the lawsuit, the right being exercised is not affected and the suit can be litigated to conclusion. Any other interpretation would require the rendition of judgment prior to the expiration of the peremptive period. Additionally, if it were not required that the court be of competent jurisdiction and venue, the filing of a lawsuit anywhere would be sufficient. Such results were not contemplated by the redactors. Where the suit is filed in a competent court of improper venue and the defendant is served prior to the running of the time limitation, the expiration of the peremptive period does not affect the pending lawsuit where venue is waived or the matter is transferred to a court of proper venue. Where a lawsuit is concluded, as by final judgment or dismissal, a second lawsuit after the expiration of the peremptive period cannot be maintained, since the first suit is no longer pending and the right has expired.
While we hold herein that the filing of a suit for disavowal in a court of competent jurisdiction but improper venue *42 is a proper exercise of a right subject to a peremptive period (if the defendant was served with process prior to the running of the time limitation), the defendants herein were not served timely and no legally excusable reason existed for the delay. Therefore, appellant's suit was correctly dismissed.
Mr. Farrell argues that circumstances existed which justified a delay in filing his petition for disavowal. Mr. Farrell admits that he was present at the hospital for the birth of the minor child or shortly thereafterwards. Mr. Farrell alleges that he had no reason to suspect that the child was not his offspring until sometime in early October of 1987, when he and his wife separated. It was at this time that Mr. Farrell claims he became aware of facts which led him to believe that his wife had had an affair with another man and that the minor child was the natural child of that man. Mr. Farrell claims that his wife had concealed this information from him in order to mislead him into believing the child was his own.
We find appellant's argument to be without merit. In Naguin v. Naquin, 374 So.2d 148 (La.App. 1st Cir.1979), we held that:
[b]ecause of the representations of the mother that the child was issue of a second marriage, the suit could not be filed prior to plaintiffs being put on notice that these statements were not true.
In the Naquin case, the husband proved that the wife had made representations to him which were untrue and that his reliance on these misrepresentations prevented his filing suit. In the case sub judice, Mr. Farrell has presented no proof that any statements made by his wife were untrue. The alleged misrepresentation, herein, goes to the heart of the substantive issue of disavowal (i.e. whether the child is in fact the offspring of the husband), and, cannot possibly be considered a reason which justifies extending the 180 day peremptive period imposed by La.C.C. art. 189.
Mr. Farrell also argues that his wife misrepresented to him that a blood test would be undertaken to determine the parentage of the child, and that he delayed filing suit to allow time for testing. This argument is likewise meritless. Mr. Farrell's choice to refrain from filing a disavowal action was voluntary; his wife's allegedly deceptive assertions that a blood test would be undertaken could not have prevented him from filing suit. In fact, La.R.S. 9:396 provides a party with a means of obtaining a court order requiring that a blood test be performed, in the context of a lawsuit involving the issue. For these reasons, we find that appellant was not prevented from filing suit timely.
As La.C.C. art. 3461 involves peremption, not prescription, the exception of prescription was improperly granted. However, the case should be dismissed because the right of disavowal was extinguished by peremption. The plea of peremption may be supplied by the court prior to final judgment. La.C.C. art. 3460.
Accordingly, we modify the trial court judgment dismissing plaintiff/appellant's suit on the grounds of peremption. All costs of this appeal and of the trial below are to be borne by the appellant herein.
AFFIRMED AS MODIFIED.
NOTES
[1] Appellant conceded in his motion to transfer that Orleans Parish was not a parish of proper venue.
[2] The last day, as computed under the strict 180 day time limit, on which Appellant could have filed suit was February 8, 1988.
[3] La.C.C. art. 3462 provides as follows:

Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
[4] Although Pounds was concerned with former article 191 (revised and reenacted by 1976 La. Acts, No. 430, § 1 as article 189), the court acknowledged the revision, and we believe the peremptive character of the time limitation was not altered by the changes. Former article 191 read as follows:

In all the cases above enumerated, where the presumption of paternity ceases, the father, if he intends to dispute the legitimacy of the child, must do it within one month, if he be in the place where the child is born, or within two months after his return, if he be absent at that time, or within two months after the discovery of the fraud, if the birth of the child was concealed from him, or he shall be barred from making any objection to the legitimacy of such child.
[5] La.R.S. 9:5801 and former La.C.C. art. 3518 formed the basis for La.C.C. 3462 which was added by 1982 La.Acts No. 187, § 1.
[6] La.C.C. art. 781 reads as follows:

No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a noticeable violation. After the lapse of this period, the immovable on which the violation occurred is freed of the restriction that has been violated.