626 So.2d 870 (1993)
Erna Mae GRAHAM, Plaintiff-Appellant,
v.
Durwood CONQUE, Defendant-Appellee.
No. 93-221.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
Rehearing Denied December 16, 1993.
*871 J. Minos Simon, Miles A. Matt, Lafayette, for Erna Graham.
William H. Parker III, Lafayette, for Durwood Conque.
Before STOKER, YELVERTON and SAUNDERS, JJ.
STOKER, Judge.
This is an appeal by plaintiff, Erna Mae Graham, from a judgment sustaining defendant (now) Judge Durwood Conque's exception of prescription in an action for legal malpractice. We affirm the judgment on other grounds.

FACTS
On September 23, 1985, Graham's husband, George Welden Graham, was killed in an automobile-train collision which took place in Scott, Louisiana. His widow, Erna Mae Graham, retained (then) attorney Durwood Conque to represent her. On her behalf, Conque filed a wrongful death suit on April 10, 1986, against Southern Pacific Transportation Co. and its engineer, Tommy Lee Williams.
After Judge Conque took office as a district court judge in 1988, Graham retained attorney Sue Fontenot to represent her on March 3, 1988. On May 23, 1989, Fontenot filed a supplemental and amending petition on behalf of Graham, adding the Town of Scott and the State, DOTD as party defendants. Subsequently, Southern Pacific reached a settlement with Graham and was dismissed from the suit.
On February 1, 1991, the Town of Scott, its insurer, and the State, DOTD filed exceptions of prescription which were referred to the merits. After a trial on the merits, the trial judge found that Southern Pacific and its engineer had not been negligent and thus were not at fault for the accident. Accordingly, on November 6, 1991, the exceptions of prescription were sustained and Graham's claims against the Town of Scott, its insurer and the State, DOTD were dismissed as untimely under LSA-C.C. art. 3503.
In essence, Graham's suits against the Town of Scott, its insurer, and the State, DOTD were dismissed as untimely because they were filed after the one year prescriptive period for the main demand. Those petitions could not relate back to the timely filed petition against Southern Pacific and Williams since they had been held not at fault and, thus, were not solidarily liable with the Town of Scott and the State, DOTD. See LSA-C.C. art. 1153, art. 3492; Randall v. Feducia, 507 So.2d 1237 (La.1987).
*872 The judgment dismissing Graham's claims against the Town of Scott, its insurer, and the State, DOTD under the exception of prescription was affirmed by this court in Graham v. Southern Pacific Trans. Co., 619 So.2d 894 (La.App. 3d Cir.1993), rendered on June 2, 1993.

TRIAL COURT ACTION
On August 19, 1992, Graham filed this legal malpractice action against her former attorney, now Judge Durwood Conque. Judge Conque filed an exception of prescription which was granted by the trial judge on November 25, 1992, dismissing Graham's claims as prescribed under the one year prescriptive period for delictual actions set forth in LSA-C.C. art. 3492.[1] Graham appeals this judgment.

OPINION

Applicable Law
Graham argues on appeal that her legal malpractice claim is not prescribed because the one year prescriptive period for delictual actions did not begin to run until November 6, 1991. November 6, 1991, is the date on which the trial court held Southern Pacific was not at fault for the accident, and on which it granted the exceptions of prescription raised by the Town of Scott and the State, DOTD and dismissed her claims against them. The trial judge reasoned that prescription began to run, under LSA-C.C. art. 3492, on February 1, 1991, the date on which the exceptions of prescription were filed. We hold that LSA-C.C. art. 3492 is not applicable to this case. We further hold that Graham's right to assert this legal malpractice claim is governed by the prescriptive and peremptive periods set forth in LSA-R.S. 9:5605.
LSA-R.S. 9:5605, as amended by 1992 Acts 611, § 1, (effective August 21, 1992), provides:
§ 5605. Actions for legal malpractice
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C. Notwithstanding any other law to the contrary, in all actions brought in *873 this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
(Emphasis added.)
The 1992 amendment added paragraphs (B) and (C) to the statute, thereby expressly giving LSA-R.S. 9:5605 remedial and retroactive effect, in accordance with LSA-C.C. art. 6.[2] Therefore, the prescriptive and peremptive periods set forth in LSA-R.S. 9:5605, rather than that in LSA-C.C. art. 3492 relating to delictual actions, apply to Graham's legal malpractice suit.
In our opinion there is no merit to the plaintiff's contention that prescription did not begin to run until November 6, 1991, when the trial court made a judicial determination that there was no solidarity between the original defendant, Southern Pacific, and the two defendants added on May 23, 1989. The trial court simply determined a fact (no solidarity) and made a judicial pronouncement of that fact. The fact of no solidarity existed from the date of the accident because Southern Pacific was not at fault. Therefore, the prescriptive and peremptive periods for the legal malpractice action for failure to file suit against the Town of Scott and the State, DOTD began to run one year after the accident and death which occurred on September 23, 1985.
Even if the trial court had been correct in holding that prescription began to run on February 1, 1991, the date the added defendants filed their exceptions of prescription, the suit against the added defendants would have been prescribed when the malpractice suit was filed on August 19, 1992. However, we hold that the critical date is September 23, 1986, the one-year anniversary date of the accident. Moreover, we consider that peremption fully and definitively disposes of plaintiff's malpractice claim. We turn now to consideration of the three year peremptive period and the time frame within which it falls.

PEREMPTION
First, we note that a court may, on its own motion, supply the plea of peremption. LSA-C.C. art. 3460; Nepveaux v. Fitzgerald, 480 So.2d 346 (La.App. 3d Cir.1985).
Next, in order to calculate the three year peremptive period, we must determine the date on which the alleged act, omission or neglect of (then) attorney Conque took place. Graham alleges that attorney Conque committed legal malpractice by failing to timely file suit against the Town of Scott and the State, DOTD as party defendants. The latest date on which the Town of Scott and the State, DOTD could have timely been made defendants in Graham's wrongful death suit was September 23, 1986 (one year from the date of the accident), under LSA-C.C. art. 3492. Accordingly, the three year peremptive period ran from September 23, 1986, the last possible date of omission, through September 23, 1989.
A peremptive statute totally destroys the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced. Nepveaux v. Fitzgerald, supra at 348, quoting Pounds v. Schori, 377 So.2d 1195 (La.1979). This jurisprudential definition of peremption is codified in LSA-C.C. art. 3458. As stated in LSA-C.C. *874 art. 3461, and reiterated in LSA-R.S. 9:5605(B), a peremptive period may not be renounced, interrupted, or suspended. Therefore, on September 24, 1989, the peremptive period had run, extinguishing Graham's right to bring a legal malpractice claim against Judge Conque. The legal malpractice action filed on August 19, 1992, was untimely.
The judgment of the trial court dismissing Graham's claims for legal malpractice against Judge Conque is affirmed.

DISPOSITION
For the reasons given, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Erna Mae Graham.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 3492 states:

Art. 3492. Delictual actions
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.
[2] LSA-C.C. art. 6 states:

Art. 6. Retroactivity of laws
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.