STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-431

ALFRED THERIOT

VERSUS

DWIGHT W. ANDRUS INSURANCE, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20197458
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHARON DARVILLE WILSON
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville
Wilson, Judges.

REVERSED AND REMANDED.

**William H. Eckert**
**Daniel G. Collarini**
**ECKERT & TARLETON, L.L.C.**
**201 St. Charles Ave. Suite 250**
**New Orleans, LA 70170**
**(504) 513-3266**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Westport Insurance Corporation**
    **Dwight W. Andrus Insurance, Inc,**
    **David Hebert**

**Kaliste Joseph Saloom, IV**
**Andrew J. Quackenbos**
**DOMENGEAUX, WRIGHT, ROY & EDWARDS, LLC**
**556 Jefferson Street, Ste 500**
**Lafayette, LA 70501**
**(337) 233-3033**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Alfred Theriot**

**WILSON, Judge.**

Plaintiff, Alfred Theriot, appeals the judgment of the district court granting the defendants' motion for summary judgment and dismissing Mr. Theriot's claims as untimely, with prejudice. For the following reasons, we reverse the district court's judgment.

I.

## ISSUES

We must decide whether the district court erred in dismissing Mr. Theriot's claims as perempted.

II.

## FACTS AND PROCEDURAL HISTORY

Mr. Theriot had a decades long history of using David Hebert, employed by Dwight W. Andrus Insurance Inc., as his insurance agent. In December 2016, Mr. Theriot purchased the subject vessel, the MISS REGAL, for $125,000. An additional $75,000 was spent on updates and renovations. Mr. Theriot requested that Mr. Hebert procure insurance coverage for the vessel. In February 2017, insurance was procured with $200,000 of hull coverage on a one-year term via XL Specialty Insurance Company policy number UM00055752MA18A (XL policy).

On July 29, 2017, MISS REGAL sustained a mechanical engine failure which required significant repairs. The resulting loss was covered by the XL policy. After the failure, Mr. Theriot undertook intensive renovations and upgrades to the vessel, including installing new engines worth approximately $165,000.

In January or February 2018, Mr. Theriot discussed the enhanced value of the MISS REGAL with Mr. Hebert. A plan was made to renew the existing

policy, set to expire in February, to allow time to secure increased coverage of the vessel. On April 11, 2018, Mr. Theriot received a copy of the $200,000 renewal policy. On November 27, 2018, the MISS REGAL sank while docked and suffered catastrophic damage.

On November 26, 2019, Mr. Theriot filed a petition for damages alleging that Mr. Hebert was negligent in failing to procure additional coverage on the MISS REGAL. Named as defendants in the lawsuit were David Hebert, his employer, Dwight W. Andrus Insurance Inc. (Andrus), and their insurer, Westport Insurance Corporation. On August 24, 2020, the defendants filed a motion for summary judgment asserting that Mr. Theriot will not be able to prove that Defendants breached a legal duty, and that his claim was perempted under La.R.S. 9:5606. On January 12, 2021, Defendants filed an additional motion for partial summary judgment seeking to have Mr. Theriot's damages capped at $200,000.

On April 12, 2021, a hearing was held on the motions. The district court found that genuine issues of fact existed as to the duty breached and cap on damages and denied the motions on those grounds. However, the district court found that Mr. Theriot's claims were perempted, granted the motion for summary judgment, and dismissed the claims with prejudice. Mr. Theriot now appeals the judgment of the district court.

III.

**STANDARD OF REVIEW**

Appellate courts review summary judgments de novo, applying the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment shall only be granted when

2

there are no genuine issues of material fact, and the mover is entitled to judgement as a matter of law. La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

IV.

## LAW AND DISCUSSION

At the core of this appeal, Mr. Theriot contends that the district court erred in finding that his claims were perempted under La.R.S. 9:5606. Louisiana Revised Statutes 9:5606 provides:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Thus, the key to determining whether Mr. Theriot's claims are perempted depends on when the one-year clock began to run.

> "Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or

suspension." *Rando v. Anco Insulations, Inc.*, 08-1163 (La.5/22/09), 16 So.3d 1065, 1082. Thus, the rules governing the burden of proof as to prescription also apply to peremption. *Id.* Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Id*. But, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed.

*Lomont v. Bennett*, 14-2483, p. 7 (La. 6/30/15), 172 So.3d 620, 626-27.

Mr. Theriot's petition for damages was filed November 26, 2019. Therefore, the defendants bore the burden of proving that the alleged act or omission occurred, and Mr. Theriot discovered such act or omission, prior to November 26, 2018, for the claim to be perempted. Mr. Theriot claims that Mr. Hebert was negligent in his failure to procure additional coverage for the MISS REGAL. Hence, the clock began to run from the moment Mr. Theriot knew or should have known that Mr. Hebert failed to procure such coverage.

The defendants asserted that peremption began to run on April 11, 2018, the day that Mr. Theriot received notice that the XL policy had been renewed for $200,000. They argue that Mr. Theriot knew or should have known of Mr. Hebert's failure upon receiving notice that the policy was renewed for only $200,000. We disagree. According to the deposition testimony of both Mr. Theriot and Mr. Hebert, the renewal of the existing $200,000 policy was always a part of the larger plan of increasing coverage. Both men understood that several steps were required to procure additional coverage and the renewal policy was to act as a stopgap against a loss in coverage while those steps were taken. Consequently, receiving notice that the policy was renewed for $200,000 would not have placed Mr. Theriot on notice that Mr. Hebert had failed to procure additional coverage. In

4

fact, this letter would have led Mr. Theriot to believe that the plan was moving forward.

The district court also found that the April 11, 2018, renewal letter did not start the running of the clock. However, the district court failed to assert a specific date on which the clock did begin. Instead, the district court held that Mr. Theriot should have known of the failure within a couple months of the April renewal letter and before the November 2018 sinking. After reviewing the record and resolving all doubts in favor of the non-moving party, we find that there was no triggering event prior to the sinking of the vessel which would have alerted Mr. Theriot of Mr. Hebert's failure to take steps to procure additional coverage. After determining that the April 2018 letter was not sufficient to start the running of the clock, the only other date on which peremption could have begun to run was the date the vessel sank on November 27, 2018.

Mr. Theriot contends that peremption began to run following the sinking of the vessel and peremption would have accrued on November 27, 2019. Since the petition was filed before this date, the claims were not perempted. In his first assignment of error, Mr. Theriot asserts that peremption could not have started prior to the sinking of the vessel because he had no cause of action prior to that time. In support of this argument, Mr. Theriot cites *Teague v. St. Paul Fire & Marine Ins. Co.*, 07-1384 (La. 2/1/08), 974 So.2d 1266, for the proposition that a plaintiff must suffer a loss before peremption will begin to run. We disagree.

In Teague, the court examined the identical language of the legal malpractice statute and held that,

> The "date of discovery" from which prescription or peremption begins to run is the date on which a reasonable man in the position of the plaintiff has, or should have,

> either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state a cause of action against the defendant.

*Id.* at 1275. Here, Mr. Theriot is alleging that his insurance agent failed to procure additional coverage.

> Jurisprudence has suggested that an insured has a valid claim against the agent when the insured demonstrates that: "1) the insurance agent agreed to procure the insurance; 2) the agent failed to use 'reasonable diligence' in attempting to procure the insurance and failed to notify the client promptly that the agent did not obtain insurance and 3) the agent acted in such a way that the client could assume he was insured."

*Isidore Newman Sch. v. J. Everett Eaves, Inc.*, 09-2161, p. 7 (La. 7/6/10), 42 So.3d 352, 356-57 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728 (La.1973)). Suffering a loss has not been deemed necessary to state a claim against an insurance agent for failing to procure coverage, and therefore we do not find that a loss must be suffered before the peremptive period can commence.

In his second assignment of error, Mr. Theriot asserts that peremption could not begin running until the last date of Mr. Hebert's omission i.e., the date the MISS REGAL sank. In support of this position, Mr. Theriot cites to *Graham v. Conque*, 626 So.2d 870 (La.App. 3 Cir. 1993), *writ denied*, 634 So.2d 383 (La.1994). That case involved a legal malpractice action for failing to timely file suit against certain defendants following an accident. The court held that peremption began to run one year from the date of the accident which was "the last possible date of omission[.]" *Id.* at 873. This reasoning was followed in *A3M Vacuum Servs., L.L.C. v. Hub Int'l Midwest, Ltd.*, 17 F.Supp.3d 554 (E.D. La.2014) which involved an insurance agent's negligent failure to notify plaintiff's excess carrier about a claim. There the court held that because the case involved "an omission or failure to act on

6

a timely basis[,]" peremption began to run on the "last possible date of omission. *Id.* at 559-60.

Similarly, Mr. Theriot's claim involves a failure to timely procure additional coverage. It was Mr. Theriot's belief that Mr. Hebert was in the process of procuring the additional coverage, and it was not until after the vessel sank that Mr. Theriot learned that Mr. Hebert had not taken any action to procure the coverage. Construing all inferences in favor of Mr. Theriot, the non-moving party, Mr. Hebert could have taken steps to procure the coverage at any time prior to the date the vessel sank making this the last possible date of omission. Thus, we find that the peremptive period did not commence until November 27, 2018, when the vessel sank. As the claims were filed within one year of this date, the district court erred in granting the motion for summary judgment on the basis of peremption.

Additionally, the court in *A3M* held that the date of the last possible omission was unknown from the record and because the moving party had failed to establish that this date fell more than three years from the date the claim was filed, the party had not satisfied its burden on summary judgment. We find that the defendants in the instant case also failed to meet their burden on summary judgment. The only date put forward by the defendants was the date of the April 11, 2018, renewal letter. As previously stated, given the circumstances, this renewal of the existing $200,000 policy was not sufficient to signal to Mr. Theriot that Mr. Hebert had not and would not procure the additional coverage according to their plan. Thus, the defendants failed to establish that the omission occurred more than a year prior to the filing of the petition and did not satisfy their burden on summary judgment.

V.

**CONCLUSION**

7

For the foregoing reasons, we find that the district court erred in ruling that Mr. Theriot's claims were perempted under La.R.S. 9:5606 and dismissing his claims as untimely, with prejudice. Accordingly, we reverse the ruling of the district court granting the motion for summary judgment and remand for further proceedings. Costs of this appeal are assessed to the appellees.

**REVERSED AND REMANDED.**