STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0890

HAYNES INTERESTS, LLC, COS INVESTMENT GROUP, LLC,
BLUE BAYOU WATERPARK, LLC AND DIXIE LANDIN, LLC

VERSUS

JOHN RANDALL WHALEY, BENJAMIN H. DAMPF,
WHALEY LAW FIRM, LLC, DAMPF LAW FIRM, LLC, ABC
INSURANCE CO. AND DEF INSURANCE CO.

*Judgment Rendered:*    FEB 2 4 2023

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C712559

The Honorable Timothy E. Kelley, Judge Presiding

********

| | |
|---|---|
| Laura E. Marcantel<br>Edward J. Laperouse, II<br>Bethany B. Percle<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants<br>Haynes Interests, LLC; COS Investment<br>Group, LLC; Blue Bayou Water Park,<br>LLC; and Dixie Landin, LLC |
| Gus A. Fritchie, III<br>New Orleans, Louisiana | Counsel for Defendants/Appellees<br>John Randall Whaley; Benjamin H.<br>Dampf; Whaley Law Firm, LLC; Dampf<br>Law Firm, LLC; ABC Insurance Co.;<br>and DEF Insurance Co. |

********

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

Penzato, J., concurs and assigns reasons

**LANIER, J.**

In this legal malpractice action, Haynes Interest, LLC; COS Investment Group, LLC; Blue Bayou Water Park, LLC; and Dixie Landin, LLC (hereinafter collectively referred to as "plaintiffs") challenge the district court's May 17, 2022 judgment sustaining the exception raising the objection of peremption filed by John Randall Whaley; Whaley Law Firm, LLC ("the Whaley firm"); Benjamin H. Dampf; and Dampf Law Firm, LLC ("the Dampf firm") (hereinafter collectively referred to as "Whaley"), and dismissing, with prejudice, plaintiffs' claims. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

In October 2021, plaintiffs filed the instant legal malpractice suit against Mr. Whaley, the Whaley firm, Mr. Dampf, the Dampf firm, and their unnamed malpractice insurers. According to the record, plaintiffs entered into an attorney-client relationship with Mr. Whaley and the Whaley firm in June 2014 in connection with an underlying suit against the East Baton Rouge Parish Sewage Commission ("EBRSC") and Garney Companies, Inc. d/b/a Garney Construction ("Garney"). Mr. Whaley filed suit on behalf of plaintiffs on July 11, 2014, and, at a later date, Mr. Dampf, another member of the Whaley firm, became involved in the handling of the case.[1] Thereafter, on November 28, 2018, following a hearing on motions for summary judgment filed by EBRSC and Garney, both parties were dismissed from the suit. On appeal to this court, the summary judgment was affirmed as to EBRSC, but reversed as to Garney. See **Haynes Interests, LLC v. Garney Companies, Inc.**, 2019-0723 (La. App. 1 Cir. 2/26/21), 322 So.3d 292, writ denied, 2021-00451 (La. 5/25/21), 316 So.3d 447.

---

[1] The record reflects that at some point during the pendency of the underlying suit, Mr. Dampf left the Whaley firm but remained as trial counsel for plaintiffs through the Dampf firm.

2

In their malpractice petition, plaintiffs allege multiple acts by defendants that constituted a breach of the professional duty owed to plaintiffs in their representation of plaintiffs in the underlying suit. Included in these allegations are: 1) failing to conduct reasonable, necessary or adequate discovery in a prudent or timely fashion in the underlying suit; 2) failing to timely, prudently and/or reasonably pursue plaintiffs' claims against EBRSC and/or Garney and its insurers through litigation in the underlying suit; 3) failing to timely, reasonably and/or adequately respond to and/or obtain written discovery; 4) failing to timely, reasonably and/or adequately draft pleadings and plead crucial facts, allegations and/or causes of action vital to plaintiffs' claims; and 5) failing to timely, reasonably and/or prudently represent plaintiffs' interests.

In response to plaintiffs' petition, Whaley filed an exception raising the objection of peremption, arguing that all of plaintiffs' legal malpractice claims were time barred by the peremptive periods set forth in La. R.S. 9:5605.[2] Whaley argued that because the crux of plaintiffs' allegations was that Whaley failed to properly conduct discovery that could have been used to defeat the motions for summary judgment in the underlying suit, it logically followed that Whaley's alleged acts of legal malpractice occurred on or before the dates of those motions.

---

[2] As set forth in La. R.S. 9:5605(A), the peremptive periods for legal malpractice claims are as follows:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Pursuant to La. R.S. 9:5605(B), both the one-year and three-year periods are peremptive. See **Murphy v. MKS Plastics, L.L.C.**, 2019-1485 (La. App. 1 Cir. 9/21/20), 314 So.3d 65, 72, writ denied, 2020-01225 (La. 12/22/20), 307 So.3d 1041.

Whaley maintained that as the motions, filed in April and August of 2018, were both filed more than three years before the legal malpractice suit was filed in October 2021, the three-year peremptive period of La. R.S. 9:5605 applied to bar plaintiffs' claim for legal malpractice. Following the filing of an opposition memorandum by plaintiffs, Whaley's exception was heard by the district court on May 9, 2022. On May 17, 2022, the district court signed a judgment, sustaining the exception raising the objection of peremption and dismissing, with prejudice, plaintiffs' claims. Plaintiffs appeal, assigning as error the district court's application of La. R.S. 9:5605 and its determination that all of plaintiffs' legal malpractice claims were time barred.

## DISCUSSION

The objection of peremption is raised by the peremptory exception. La. Code Civ. P. art. 927(A)(2). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not been perempted. See **Lomont v. Bennett**, 2014-2483 (La. 6/30/15), 172 So.3d 620, 627, cert. denied, 577 U.S. 1139, 136 S.Ct. 1167, 194 L.Ed.2d 178 (2016).

At a hearing on a peremptory exception raising the objection of peremption pleaded prior to trial, evidence may be introduced to support or controvert the exception. La. Code Civ. P. art. 931. If evidence is introduced at the hearing, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Satterfield & Pontikes Construction, Inc. v. Breazeale Sachse & Wilson, LLP**, 2015-1355 (La. App. 1 Cir. 1/10/17), 212 So.3d 554, 558, writ denied, 2017-0268 (La. 3/31/17), 217 So.3d 363, citing **Lomont**, 172 So.3d at 627. However, in the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true. **Beverly Construction, L.L.C. v. Wadsworth Estates, L.L.C.**, 2019-0911

4

(La. App. 1 Cir. 2/26/20), 300 So.3d 1, 5. In a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the district court's legal conclusions are not entitled to deference. **Shannon v. Vannoy**, 2017-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 449.

Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. **Denoux v. Vessel Management Services. Inc.**, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. Moreover, as recognized in the jurisprudence, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. **Denoux**, 983 So.2d at 88. See also **Medical Review Panel for Bush**, 2021-00954 (La. 5/13/22), 339 So.3d 1118, 1124 (providing that although relevant documents were discussed by the parties during a hearing on the exceptions and at the motion for a new trial, the documents could "neither form nor support the basis of the court of appeal's ruling.")

At the start of the hearing in the instant case, the judge inquired as to whether plaintiffs had any objections to the exhibits attached to Whaley's memorandum. Plaintiffs' counsel replied, "No, your honor. We think they support our claims." Thereafter, the judge, about to inquire as to whether Whaley had any objection to plaintiffs' exhibits, noted, "There aren't any exhibits. Never mind." Counsel for Whaley then asked the judge if their exhibits were in, to which the judge replied, "They're in."

We note that the minutes from the May 9, 2022 hearing make no mention of these exhibits, and the "Civil Evidence List" found in the record indicates that "No evidence was filed in the case." Nonetheless, based on our review of the transcript and the fact that both parties referenced these documents during argument, we are satisfied that the documents were offered and accepted into evidence.

5

As pointed out by Whaley, plaintiffs' claims of legal malpractice center around Whaley's failure to properly conduct discovery that could have been used to defeat the motions for summary judgment in the underlying suit. Included among the claims in the October 22, 2021 petition, are the following allegations:

> During the more than four years the EBRSC Suit was pending, the Whaley Firm failed to take necessary action in furtherance of Plaintiffs' claims in said lawsuit, including, but by no means limited to, conducting essential discovery regarding the claims against EBRSC and Garney. During the pendency of the EBRSC Suit, Plaintiffs' counsel never conducted a single deposition of any EBRSC or Garney personnel or representatives regarding the claims in the suit, nor did they take reasonable steps to secure and preserve vital evidence in support of such claims. Additionally, upon information and belief, Plaintiffs' counsel never pursued responses to discovery propounded to EBRSC in 2016. It is believed that much of the evidence that existed, or should have existed, and been retrieved by the Whaley Firm, has now been lost, destroyed or otherwise spoliated [sic].

According to the record, Garney filed its motion for summary judgment in the underlying suit in April 2018, and EBRSC filed its motion in August 2018. Plaintiffs were notified of the Garney motion in July 2018, and in October 2018, they were provided with copies of the memoranda in opposition to both motions for summary judgment, as well as a brief analysis of the arguments made in both motions. As previously noted, summary judgment was granted in favor of both EBRSC and Garney on November 28, 2018. Whaley filed a timely appeal of the dismissals, and plaintiffs subsequently retained appeal counsel in October 2019 to handle the matter. On June 21, 2021, plaintiffs discharged Whaley from any further handling of the underlying suit.

Based on our review of the record, we find that peremption is evident from the face of the pleadings. Thus, plaintiffs bore the burden of establishing that their actions were not perempted. On the face of the record before us, plaintiffs have failed to carry their burden. **Atain Speciality Ins. Co. v. Premier Performance Marine, LLC**, 2015-1128 (La. App. 1 Cir. 4/8/16), 193 So.3d 187, 191.

6

Accordingly, we find no error in the district court's ruling sustaining the exception raising the objection of peremption and dismissing plaintiffs' claims.

## DECREE

For the foregoing reasons, we affirm the May 17, 2022 judgment of the district court, sustaining the exception raising the objection of peremption and dismissing the legal malpractice claims filed by Haynes Interest, LLC; COS Investment Group, LLC; Blue Bayou Water Park, LLC; and Dixie Landin, LLC against John Randall Whaley; Whaley Law Firm, LLC; Benjamin H. Dampf; and Dampf Law Firm. We assess all costs of this appeal to Haynes Interest, LLC; COS Investment Group, LLC; Blue Bayou Water Park, LLC; and Dixie Landin, LLC.

**AFFIRMED.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2022 CA 0890

## HAYNES INTERESTS, LLC, COS INVESTMENT GROUP, LLC, BLUE BAYOU WATERPARK, LLC AND DIXIE LANDIN, LLC

## VERSUS

## JOHN RANDALL WHALEY, BENJAMIN H. DAMPF, WHALEY LAW FIRM, LLC, DAMPF LAW FIRM, LLC, ABC INSURANCE CO. AND DEF INSURANCE CO.



**PENZATO, J., concurs.**

The Haynes Interests plaintiffs' legal malpractice claims are perempted on the face of the petition pursuant to the one-year "discovery" peremptive period set forth in La. R.S. 9:5605(A). Specifically, the petition was filed on October 22, 2021 and reflects that the motions for summary judgment were granted, dismissing EBRSC and Garney, on November 28, 2018. I find this is the relevant date for the plaintiffs' malpractice action, rather than the date the motions were filed. November 28, 2018 was the last possible date of omission, since the allegedly negligent attorneys were not prohibited from conducting discovery, gathering evidence, and inquiring into insurance coverage – the basis of the Haynes Interests plaintiffs' malpractice allegations – while the motions for summary judgment were pending. *See Graham v. Conque*, 626 So.2d 870, 873 (La. App. 3rd Cir. 1993), *writ denied*, 634 So.2d 383 (La. 1994) (The latest date on which the proper defendants could have been timely named in the plaintiffs' wrongful death suit was one year from the date of the accident under La. C.C. art. 3492. Accordingly, the peremptive period began to run on "the last possible date of omission.") *See also Murray v. Ward*, 2018-1371 (La. App. 1st Cir. 6/10/19), 280 So.3d 625, 630, *writ denied*, 2019-01149 (La. 10/21/19), 280 So.3d 1166 (finding the date of the alleged malpractice, failing to timely serve

1

and name the proper defendants, occurred on the date the underlying case prescribed.) Thus, the Haynes Interests plaintiffs' malpractice action was filed more than one year following the act of malpractice, but within three years of the act. For this reason, I find the trial court erred by finding that suit was filed more than three years from the granting of the motions for judgment.

A petition is not prescribed on its face if it is filed within one year of discovery and particularly alleged facts show that the plaintiff was unaware of the alleged malpractice before that date, so long as the filing delay was not willful, negligent, or unreasonable. The petition must state with particularity the act of alleged malpractice and the date it was discovered, and these questions must be answered solely upon the allegations of the complaint. *In re Medical Review Panel of Heath*, 2021-01367 (La. 6/29/22), 345 So.3d 992, 996-97, *citing Campo v. Correa*, 2001-2707, (La. 6/21/02), 828 So.2d 502, 509. *See also Teague v. St. Paul Fire & Marine Ins. Co.*, 2007-1384 (La. 2/1/08), 974 So.2d 1266, 1276, *citing Campo*, 828 So.2d at 510-11, to determine when peremption on a legal malpractice action began to run pursuant to the discovery rule ("Because the provisions on prescription governing computation of time apply to peremption, the principles applicable in the computation of time under the discovery rule in the medical malpractice provisions, although prescriptive in nature, nevertheless should apply to the computation of time under the discovery rule of the peremptive period for legal malpractice.")

Here, the petition filed by the Haynes Interests plaintiffs does not allege a date of discovery and does not particularly allege facts to show that the plaintiffs were unaware of the alleged malpractice before that date. It is also not clear from the petition that the Haynes Interests plaintiffs' failure to discover the alleged malpractice was not willful, negligent, or unreasonable. Thus, the petition is prescribed on its face, and the Haynes Interests plaintiffs failed to come forward with

2

evidence to prove their suit for legal malpractice is not perempted. Therefore, I agree the defendants' exception of peremption was properly granted.