374 So.2d 148 (1979)
Harold John NAQUIN, Jr.
v.
Wanda R. NAQUIN.
No. 12675.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
Anthony J. Marabella, Baton Rouge, counsel for plaintiff-appellee Harold John Naquin, Jr.
Gary Partney, Alexandria, counsel for defendant-appellant Wanda R. Naquin.
Lee H. des Bordes, Jr., Baton Rouge, counsel for defendant-appellant Randolph Christopher Bozzelle.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
The attorney appointed to represent the minor appealed from a judgment of disavowal.
The sole issue is whether the disavowal action had prescribed.
We affirm.
Mr. and Mrs. Naquin separated in 1972, with an understanding that she would obtain a divorce. Late in 1973, she began living with one Bertram Bozzelle in Texas, without benefit of matrimony, but with the general representation to the public that she was the man's wife. She gave the name of Randolph Christopher Bozzelle to the child born on November 23, 1974. In November, 1976, she brought the child to visit her former mother-in-law, whom she told that she had remarried and that the child was issue of that marriage. She stated she had not seen the plaintiff after separation until about January, 1978. She never got a divorce. Until late 1977 she never told the plaintiff even indirectly she had not remarried.
Plaintiff secured a divorce in October, 1974. He testified he had no inkling that she had not remarried or that she was thinking of asserting his paternity until shortly before he filed this suit in December, 1977.
*149 On these facts plus a blood test that concluded that plaintiff could not be the father of the child the court granted the disavowal, overruling the plea of prescription.
In Pounds v. Schori, 369 So.2d 1090 (La.App. 1st Cir. 1979), we recently held that LSA-C.C. Art. 191, prior to repeal by Act No. 430 of 1976, would be applied to the case of a child born on July 22, 1976. However, that was based upon the conclusion that "nothing in the pleadings or record" suggested "that the time limitations commenced at any date other than the date of the child's birth." Here we are holding that because of the representations of the mother that the child was issue of a second marriage, the suit could not be filed prior to plaintiff's being put on notice that these statements were not true. We think it only logical to apply the present C.C. Art. 189:
"A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability."
We are convinced, too, that the term "birth of the child" refers to learning of the birth under circumstances that would point to the possibility of assertion of plaintiff's paternity. Furthermore, we hold that plaintiff was not able to bring the suit timely because of the mother's misrepresentations.
Even if we apply C.C. Art. 191 before it was repealed[1] we reach the same result, since the child and father were not in the same parish at time of birth and have not lived in the same parish since, and the suit was filed within six months of the discovery of the fraud. Here, too, we hold that "birth of the child" should be interpreted to mean birth accompanied by circumstances putting plaintiff on notice of a possible claim of paternity.
For these reasons the judgment is affirmed. The costs are assessed against the appellee.
AFFIRMED.
NOTES
[1] C.C. Art. 191:

"In all the cases above enumerated, where the presumption of paternity ceases, the father, if he intends to dispute the legitimacy of the child, must do it within one month, if he be in the place where the child is born, or within two months after his return, if he be absent at that time, or within two months after the discovery of the fraud, if the birth of the child was concealed from him, or he shall be barred from making any objection to the legitimacy of such child."