421 So.2d 962 (1982)
Carvel Wayne GOODRICH, Plaintiff-Appellee,
v.
Sandra Denise Thrash GOODRICH, Defendant-Appellant.
No. 82-142.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Rehearing Denied December 2, 1982.
George A. Guidry, Alexandria, for defendant-appellant.
Newman, Thibodeaux & Marshall, H. Gayle Marshall, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
In the companion matter entitled Carvel Wayne Goodrich versus Sandra Denise Thrash Goodrich and Regina Goodrich, a minor, 421 So.2d 958, our docket number 82-141, we determined that plaintiff, Carvel Wayne Goodrich, was barred by prescription from asserting his non-paternity of the infant child, Regina Goodrich. Considering this conclusion, it necessarily follows that the trial court judgment rendered in the instant matter insofar as it denies reconvenor-appellant's demand for child support must be reversed and set aside.
Although the trial court did not consider this issue on its merits, we do not consider a remand necessary, in that, the record is complete and sufficient upon which to formulate a proper award of child support.
In her reconventional demand, Sandra prayed for permanent custody of Regina as well as an award of child support in the sum of $300.00 per month. Carvel does not contest the award of permanent custody of the child to Sandra.
LA-C.C. Article 227 imposes on parents a mutual obligation of support, maintenance, and education of their children. As noted by our court in Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3rd Cir.1981),

"The degree of support is determined by the needs of the child as well as the Circumstances of those who are obligated to pay it. See LSA-C.C. Articles 230 and 231; Graval v. Graval, 355 So.2d 1057 *963 (La.App. 4th Cir.1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Stickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir.1979)."

The record reflects that Carvel has a present gross income of $1,060.00 per month. At trial, he estimated his expenses as follows: rent$285.00; phone$70.00; loan$25.00; insurance$42.00; clothing $200.00; food$300.00; laundryapproximately $25.00; transportation $200.00. Carvel testified that he has a net income of $900.00. Clearly, Carvel's estimated expenses exceed his net income. Carvel testified that a young woman and her infant son are residing with him and that neither contributes to the expenses of the household. Carvel further testified that the money expended for the support of the woman and her child constitutes approximately one-third of his monthly expenses.
Funds expended by Sandra on behalf of Regina as reflected by an affidavit introduced into evidence total $518.00 per month. At the time of trial, Sandra and Regina were residing with Sandra's boyfriend. Sandra testified that her boyfriend is presently supporting her and Regina. Defendant stated that her only out of pocket expenses at the present time are her doctor bills which according to the aforesaid affidavit total $25.00 per month.
It is well settled that an amount which a spouse is ordered to pay in fulfillment of his obligation to support his child must be determined in light of the totality of the circumstances. See Dugas v. Dugas, 374 So.2d 1278 (La.App. 3rd Cir.1979); Marcus v. Burnett, 282 So.2d 122 (La.1973); Cowen v. Cowen, 375 So.2d 118 (La.App. 3rd Cir.1979). However, it must be borne in mind that plaintiff's primary obligation is to support, maintain and educate his child. Dugas v. Dugas, supra; Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (La.1959); LSA-C.C. Article 227. Clearly, plaintiff's obligation to support his legitimate child may not be prejudiced by his voluntary assumption of an obligation to support persons for whom he is not legally responsible. Further, Sandra's boyfriend, regardless of his willingness to do so, is not legally obligated to support plaintiff's child. After carefully reviewing the record, we conclude that defendant, Sandra Goodrich, is entitled to a judgment in her favor and against plaintiff, Carvel Goodrich, awarding to her child support in the sum of $150.00 per month.
For the above and foregoing reasons the judgment of the trial court in the above numbered and entitled matter is reversed and set aside insofar as it denies the child support claim of Sandra Denise Thrash Goodrich. Accordingly, we amend and recast the trial court judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Carvel Wayne Goodrich and against Sandra Denise Thrash Goodrich granting unto Carvel Wayne Goodrich an absolute divorce from Sandra Denise Thrash Goodrich. It is further ordered, adjudged and decreed that permanent care, custody and control of the minor child, Regina Goodrich, is awarded to Sandra Denise Thrash Goodrich.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Carvel Wayne Goodrich is ordered to pay Sandra Denise Thrash Goodrich the sum of $150.00 monthly for the support of the minor child, Regina Goodrich, the first payment to be due upon the finality of this judgment. Carvel Wayne Goodrich is cast for all costs of these proceedings both at the trial level and on appeal.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.