421 So.2d 958 (1982)
Carvel Wayne GOODRICH, Plaintiff-Appellee,
v.
Sandra Denise Thrash GOODRICH and Regina Goodrich, A Minor, Defendants-Appellants.
No. 82-141.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Rehearing Denied December 2, 1982.
*959 George A. Guidry, Alexandria, for defendants-appellants.
Newman, Thibodeaux & Marshall, H. Gayle Marshall, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
This action for disavowal was consolidated for trial with an action for divorce instituted by Carvel W. Goodrich against Sandra D.T. Goodrich. The cases remain consolidated on appeal and we this day render a separate decision in the companion matter entitled Carvel Wayne Goodrich v. Sandra Denise Thrash Goodrich, 421 So.2d 962, our docket number 82-142.
On January 14, 1981, plaintiff, Carvel W. Goodrich, filed an action seeking a judgment of divorce from his wife, Sandra D.T. Goodrich, based upon the parties living separate and apart for one year (LSA-R.S. 9:301). The defendant answered plaintiff's petition, and in addition, she filed a reconventional demand requesting that a judgment of divorce be entered in her favor; that she be awarded custody of the minor child, Regina Goodrich; and, that she be granted child support in the amount of $300.00 monthly. Thereafter, on March 12, 1981, plaintiff filed the instant suit seeking to disavow paternity of Regina Goodrich, a child born to defendant, Sandra Goodrich, on November 6, 1979. Sandra Denise Thrash Goodrich and the minor, Regina, were named as parties defendant. Prior to trial, the district court appointed counsel to represent the interests of the minor child. Upon defendant's motion, the divorce action and plaintiff's disavowal suit were consolidated for trial. Thereafter, in answer to plaintiff's denial of paternity, counsel for the minor child filed exceptions of no cause and no right of action and prescription. On April 21, 1981, Sandra filed a peremptory exception of prescription contending that plaintiff failed to bring his action for disavowal of paternity within one hundred and eighty days after receipt of knowledge of the birth of the minor child as required by Louisiana Civil Code Article 189. On July 13, 1981, the trial court rendered judgment overruling the aforesaid exceptions. On December 21, 1981, after trial on the merits, the district court rendered judgment in the consolidated matters in favor of plaintiff, Carvel Goodrich and against defendant Sandra Goodrich, granting to plaintiff a judgment of absolute divorce and dismissing Sandra's claim for child support. In addition, the trial court held in favor of Carvel in regard to his paternity disavowal action concluding that he is not the father of the minor child, Regina Goodrich. Sandra Goodrich has appealed from the aforesaid judgments only as to the issues of the paternity of the minor child, Regina Goodrich, and her claim for child support. There has been no appeal from the aforesaid judgments filed by counsel appointed to represent the minor child. Plaintiff has neither answered the instant appeal nor appealed from the aforesaid judgments.

FACTS
Plaintiff, Carvel Goodrich, and the defendant, Sandra Goodrich, were married on December 9, 1977 in Rapides Parish, Louisiana. Thereafter, the couple moved to Fayetteville, North Carolina where Carvel was stationed while in the military. The parties returned to Louisiana for a Christmas visit during the latter part of December of 1978. On or about the first week in January of 1979, the parties returned to North Carolina. Plaintiff asserts that he departed for Panama for a period of 30 days immediately after his return to North Carolina. Carvel stated that the parties have lived separate and apart since his trip to Panama. Sandra testified to the contrary. On or about February 6, 1979, Sandra departed from North Carolina for Louisiana where she has resided since that date. On November 6, 1979, Sandra gave birth to a child, Regina Goodrich. In January of 1980, Sandra filed child support proceedings pursuant to the Uniform Reciprocal Enforcement Support Act against Carvel in Rapides Parish, Louisiana. Carvel was personally served with notice of *960 the pending child support proceedings on February 12, 1980. The record is not entirely clear as to what transpired subsequent to the filing of this reciprocal enforcement proceeding. Presumably, after being served with notice of this proceeding Carvel denied paternity of Regina. There is no evidence in the record to support a conclusion that Carvel made a formal response in this proceeding denying paternity either in personam or through counsel. There next appears in the record a request from the North Carolina authorities to the office of the district attorney of Rapides Parish, Louisiana, requesting information supporting paternity. Presumably, the authorities in Cumberland County, North Carolina received no information in response to their request. The reciprocal enforcement proceeding was voluntarily dismissed on request of the North Carolina authorities on August 21, 1980. Plaintiff was discharged from the service some time in early 1980. Upon his discharge, Carvel returned to Louisiana. Plaintiff filed the instant action for divorce on January 14, 1981 and thereafter filed a petition for disavowal of paternity on March 12, 1981.

ISSUES
(1) Is Carvel's disavowal of paternity action prescribed?
(2) If not, did Carvel sustain his burden of proof in disavowing the paternity of Regina Goodrich?

PRESCRIPTION
LSA-Louisiana Civil Code Article 184 provides that the husband of the mother is presumed to be the father of all children born or conceived during the marriage. In the present matter, since the infant, Regina, was conceived and born during the marriage of the parties, in order for the plaintiff to disavow paternity, he must institute disavowal proceedings timely. Sandra contends that such proceedings were not filed timely and that the trial court erred in holding otherwise.
In rendering judgment for plaintiff on defendant's exception of prescription, the trial court concluded that the legal maxim, "contra non valentem agere nulla curit paraescripti", that is, prescription does not run against a party who is unable to act, is applicable under the facts presented. In effect, the district court determined that Sandra's failure to provide proof of paternity when she filed child support proceedings in January of 1980, provided plaintiff with reasonable grounds to assume that he need not institute disavowal proceedings. In so reasoning, the trial court, citing Naquin v. Naquin, 374 So.2d 148 (La.App. 1st Cir. 1979), concluded that in order for prescription to run against the plaintiff, he must be supplied with such facts as to indicate that defendant's claim of paternity was a bona fide one. Absent such facts, according to the trial court, prescription does not run against the plaintiff. We disagree.
LSA-C.C. Article 189 provides:
"A suit for disavowal of paternity must be filed within 180 days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability."
It is undisputed that Carvel received notice of Regina's birth on February 12, 1980. Upon receiving such notice, it was incumbent upon plaintiff to institute disavowal proceedings within 180 days. The record reflects that plaintiff's petition for disavowal was not filed until March 12, 1981, clearly in excess of the 180 day prescriptive period.
In Naquin v. Naquin, supra, the court concluded that the prescriptive period for the institution of disavowal proceedings by plaintiff was suspended due to the defendant mother's material misrepresentations. In Naquin, it was established that the defendant mother had represented to the plaintiff and others that she had remarried and that the child in question was the issue of her alleged second marriage. The child's surname was that of the man with whom the mother was living at the time of the child's birth and a blood test established *961 that the plaintiff could not possibly be the father of the child. The Naquin court in arriving at its decision stated:
"We are convinced, too, that the term `birth of child' refers to learning of the birth under circumstances that would point to the possibility of assertion of plaintiff's paternity."
The court went on to hold that the plaintiff was unable to bring the suit timely because of the mother's misrepresentations.
The trial court in the instant matter concluded that the facts of the present case are analogous to those existing in Naquin, supra. We disagree. Naquin is easily distinguished from the case presently before this court in that there has been no evidence that Sandra made any misrepresentations regarding Regina's paternity to plaintiff or other persons. Rather, Sandra instituted child support proceedings as early as January of 1980 against plaintiff alleging that plaintiff is the father of the minor child, Regina. At that time, plaintiff was informed that the young child bore his name. Plaintiff does not deny that the parties were legally married to each other at the time of the child's birth as well as at the time plaintiff received notice of such birth. We conclude that these facts alone provide adequate notice to plaintiff that, in order for him to deny paternity, it was necessary that he file a disavowal action within 180 days of receipt of notice of the birth. The facts of the ongoing marriage of the parties coupled with the birth of a child during the existence of such marriage as well as the representations by the mother that the infant is plaintiff's daughter, clearly satisfies the test enunciated in Naquin, that is, "learning of the birth under circumstances that would point to the possibility of assertion of plaintiff's paternity". Nor do we consider the apparent informal denial of paternity made by Carvel to the North Carolina authorities in the proceeding heretofore referred to as constituting "... suit for disavowal of paternity" within the intendment of C.C. Article 189.
Plaintiff-appellee, in opposing defendant's exception of prescription, alternately urges that the prescriptive period was suspended in that he was unable to institute disavowal proceedings timely "due to circumstances beyond his control". In so urging, plaintiff avers that he was prevented from filing such action timely due to being stationed in North Carolina pursuant to his military service. We conclude that plaintiff's argument is without merit. There is no evidence in the record to substantiate a finding that plaintiff could not have retained a legal representative in Louisiana to pursue his action for disavowal. Clearly, geographical distance does not prevent one from obtaining counsel and pursuing one's legal rights in a foreign jurisdiction. Additionally, the record confirms that plaintiff was discharged from the military service and returned to Louisiana during the early part of 1980 but did not file this disavowal action until March 12, 1981.
For the foregoing reasons, we conclude that the exception of prescription filed by the defendant is well taken and the trial court erred in overruling same.
Since we have determined that Carvel's disavowal action has prescribed, we need not consider the issue of paternity on its merits. Accordingly, the judgment appealed from in this matter is reversed and set aside and it is now ordered, adjudged and decreed that plaintiff's action for disavowal of the minor, Regina Goodrich, is dismissed with prejudice. Plaintiff-appellee, Carvel Wayne Goodrich, is cast for all costs of these proceedings, both at the trial level and on appeal.
REVERSED AND RENDERED.