626 So.2d 1230 (1993)
Sharon L. MILLS, Plaintiff-Appellee,
v.
Ronald W. MILLS, Defendant-Appellant.
No. 93-228.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1993.
Rehearing Denied December 16, 1993.
Kenneth N. Simmons, for Sharon L. Mills.
John Quitman Davis, for Ronald W. Mills.
Before DOMENGEAUX, C.J., and LABORDE and COOKS, JJ.
COOKS, Judge.
Ronald Mills appeals a lower court judgment granting a peremptory exception filed by Sharon Mills dismissing his petition to disavow paternity of two children born during their marriage. Responding to the exception below, Ronald Mills argued "for reasons *1231 beyond his control" as a direct result of Sharon Mills' misrepresentations and failure to truthfully disclose the paternity of the children, he did not file the present action to disavow within the 180 statutory delay period.
Citing the law and jurisprudence existing at the time, the trial judge correctly found Mr. Mills' paternity action was untimely. However, we reverse this portion of the judgment because Louisiana Civil Code article 189 was modified by LSA-R.S. 9:305, during the pendency of this matter on appeal, which now provides the "presumed" father in child support cases may file an ancillary petition to disavow paternity if the "mother's misrepresentation, fraud, or deception erroneously caused him to believe he was the father of the child." The Act expressly provides it shall be applied retroactively if such ancillary proceedings are brought within 180 days of its effective date.
Sharon Mills answered the appeal and assigned as error the trial court's grant of the divorce in favor of Mr. Mills based on her alleged adultery. Instead, she urges, the trial judge should have granted the divorce in her favor pursuant to Louisiana Civil Code article 102 because the parties remained separate and apart for the requisite period after filing of suit. Essentially, she contends the trial judge erred in considering the adultery allegation in the petition because Mr. Mills did not name a co-respondent, and further, the judge should have found the laboratory paternity blood report inadmissible without expert testimony and sufficient "chain of custody" proof. We disagree and affirm this portion of the judgment.

LAW AND ANALYSIS
Louisiana Civil Code article 184 provides "the husband of the mother is presumed to be the father of all children born or conceived during the marriage." The Mills were married on May 20, 1978. Two children were born during the marriage who were seven (7) and four (4) years of age at the time this action was filed. Mr. Mills, therefore, is presumed to be the children's father. When the present action was filed, this presumption was rebuttable only if the father timely instituted an action to disavow as provided by Louisiana Civil Code article 189 which states:
"A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability." (Emphasis added).
Confessing suit was not filed within the prescribed 180 day period, Mr. Mills' petition alleged he was prevented from timely filing suit because (throughout the marriage) his wife misrepresented the paternity of the children; and, as a direct result, caused him to forego instituting the action to disavow paternity "for reasons beyond his control." Reviewing the jurisprudence existing at the time, the trial judge did not err in finding the excuse pled by Mr. Mills was legally insufficient to fall within the statute's limited exception italicized above. In Phillips v. Phillips, 467 So.2d 132 (La.App. 3 Cir.1985), this court recognized the presumption created in Louisiana Civil Code article 184 is not conclusive, but "it has historically been one of the strongest presumptions in law," 467 So.2d at p. 134. Thus, joined by other courts, we consistently held that the delay period afforded in Louisiana Civil Code article 189 for bringing a disavowal action was peremptive in effect and required strict construction considering its purpose is "to preserve the family unit and to avoid the stigma of illegitimacy and resultant disinherison accompanying a successful disavowal action," 467 So.2d at p. 136. Farrell v. Farrell, 555 So.2d 39 (La. App. 1st Cir.1989); Phillips v. Phillips, supra; Goodrich v. Goodrich, 421 So.2d 958 (La.App. 3d Cir.1982); Pounds v. Schori, 377 So.2d 1195 (La.1979); Burrell v. Burrell, 154 So.2d 103 (La.App. 1st Cir.1963). Excuses similar to that offered by Mr. Mills were routinely rejected by our state courts. Farrell v. Farrell, supra. The 180 day delay period was zealously enforced. Phillips v. Phillips, supra.
*1232 During its regular session, the Legislature enacted R.S. 9:305, effective August 15, 1993, which now provides:
"Notwithstanding the provisions of Civil Code Art. 189 and for the sole purpose of determining the proper payor in child support cases, if the husband, or legal father who is presumed to be the father of the child, erroneously believed, because of misrepresentation, fraud, or deception by the mother, that he was the father of the child, then the time for filing suit for disavowal of paternity shall be suspended during the period of such erroneous belief or for ten years, whichever ends first.
Section 2. The provisions of this Act shall be applied retrospectively such that a husband or legal father who, because of the mother's misrepresentation, fraud, or deception, erroneously believed he was the father of a child, and whose action for disavowal has prescribed, may institute such an action ancillary to any child support proceeding brought within one hundred eighty days of the effective date hereof, and any such suit not instituted within that time and any claims relating thereto shall be forever barred.
Section 3. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable."
This provision retroactively extends the 180 day period in child support cases, only, to 180 days after its effective date. The Act requires reversal of the trial court's judgment of dismissal because Mr. Mills' action, though filed prior to the enactment, has been rendered timely.[1]
Addressing Mrs. Mills' contentions, we conclude the trial judge did not err in rejecting her argument attacking the sufficiency of Mr. Mills' reconvention petition alleging adultery as a grounds for the divorce, without naming a co-respondent. Proof of adultery may be established by circumstantial evidence which points to the commission of the illicit union. Wynn v. Wynn, 513 So.2d 489 (La.App. 2d Cir.1987); Zeringue v. Zeringue, 479 So.2d 443 (La.App. 1st Cir. 1985). It is not essential to specifically identify the co-respondent particularly if unknown, and circumstances dictate, as the trial court found in this case, that "adultery" necessarily occurred. Coston v. Coston, 196 La. 1095, 200 So. 474 (1941).
Likewise, we reject Mrs. Mills' argument that the report containing the test result constituted inadmissible hearsay without expert corroboration at trial. LSA-R.S. 9:397.3(B) allows the admission of certified reports of blood testing in civil cases without expert testimony at trial. Patterson v. Johnson, 509 So.2d 35 (La.App. 1st Cir.1987). Additionally, Mrs. Mills urges the report was inadmissible because Mr. Mills failed to establish the requisite "chain of custody" during the testing process. LSA-R.S. 9:397.2 states:
"The chain of custody of blood or tissue samples taken under this Part may be established by affidavit if verified documentation of the chain of custody is submitted with the expert's report and if such documentation was made at or near the time of the chain of custody and was made in the course of regularly conducted business activity."
Mr. Mills presented an affidavit which verified that the test samples were taken at Smith Kline Beecham Laboratory in Shreveport on August 7, 1992; then delivered to *1233 Gen Test Laboratories, Inc., in Metairie where they were examined for integrity and remained under the direct supervision of Dr. Sudir K. Sudha who performed the blood tests. Further, sufficient documentation of the chain of custody was made near the time the samples first were taken and ultimately preserved for later testing and reporting during the regular course of business. Therefore, the trial judge did not err allowing the admission of the report as complained by Mrs. Mills.
Accordingly, the judgment is reversed, in part, to rescind the dismissal of Mr. Mills' action to disavow and the grant of the exception of peremption. In all other respects, the judgment is affirmed. The case is remanded for further proceedings consistent with law. Costs of appeal are assessed to Sharon Mills.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
DOMENGEAUX, C.J., concurs in the result and assigns brief reasons.
LABORDE, J., concurs for reasons assigned by DOMENGEAUX, C.J.
DOMENGEAUX, Chief Judge, concurring in the result.
I concur in the result reached and agree that this case must be remanded for trial on the merits of the paternity action. However, I do not agree with the author's gratuitous statement in footnote 1 that La.R.S. 9:305 "appears squarely at odds with Louisiana Civil Code Article 3461" and the cited jurisprudence. Further, while it may be true, as the footnote states, that "retroactive application of substantive laws is not possible, even if legislatively authorized, when such application conflicts with the Constitution," I find that proposition without application or relevance to this case because there is no constitutional bar to retroactive application in this instance. The legislative expression of retroactivity is valid and controlling.
I respectfully concur.
NOTES
[1] In passing as mentioned, we note prior jurisprudence held the time limitation provided in Louisiana Civil Code article 189 was peremptive in contrast with prescriptive. Louisiana Civil Code article 3461 provides that "[p]eremption may not be renounced, interrupted, or suspended." See also Pounds v. Schori, supra; Flowers Inc. v. Rausch, 364 So.2d 928 (La.1978); Farrell v. Farrell, supra; Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220 (1980). The recent Act, in providing for its retroactive application, appears squarely at odds with Louisiana Civil Code article 3461 and prior jurisprudence which viewed the issue of disavowal as "substantive" in nature. Farrell v. Farrell, supra. The author notes, retroactive application of substantive laws is not possible, even if legislatively authorized, when such application conflicts with the Constitution. See Revision Comments to Louisiana Civil Code Article 6.