| iPETERS, Judge.
This appeal arises from an action filed by Charles Dwayne Whiddon to disavow paternity of Kamalie Camille Whiddon, a minor child born of his marriage to his former wife, Pamela Susan Holloway Whiddon. Ms. Whiddon filed exceptions of prescription and no cause of action in opposition to Mr. Whid-don’s action. The trial court overruled the exceptions and rendered judgment recognizing that Charles Dwayne Whiddon was not the biological father of the minor child in question. Ms. Whiddon and the curator, appointed on behalf of the minor child, have appealed.
DISCUSSION OF THE RECORD
Charles Dwayne Whiddon and Pamela Susan Holloway Whiddon were married in July of 1975, and during the course of their marriage, two children were born, namely Char-lee Tristian Whiddon on December 1, 1979, and Kamalie Camille |2Whiddon on June 16, 1985. On January 8, 1986, Mr. Whiddon filed a petition for separation from bed and board, and a judgment of separation was signed on February 7, 1986. Mr. Whiddon subsequently filed for divorce, and a judgment of divorce was signed on September 9, 1986. In both the separation and divorce judgments, Ms. Whiddon was granted the sole custody of the two children with Mr. Whiddon having visitation privileges. Additionally, Mr. Whiddon was ordered to pay $250.00 per month for the support of the two children.
On February 14,1994, Ms. Whiddon filed a rule for an increase in child support. On April 21, 1994, Mr. Whiddon filed a motion for a change of custody, seeking joint custody.[1] On August 2, 1994, judgment was rendered changing the custody arrangement to one of joint custody and increasing Mr. Whiddon’s child support obligation to $375.00 per month per child.
Sometime after August 2, 1994, Mr. Whid-don had blood tests performed on Kamalie and himself. He testified that he received the results of the blood tests in late November or early December 1994 and that these results revealed that he was not the biological father of Kamalie. On February 21, 1995, Mr. Whiddon filed the action currently before us. Ms. Whiddon filed exceptions of no cause of action and prescription, which were also adopted by the curator appointed to represent Kamalie. A hearing was held, and on October 24, 1995, the trial court rendered judgment denying appellants’ exceptions and granting the request of Charles Whiddon for disavowal of paternity of Kama-lie Whiddon.
OPINION
The appellants have brought this appeal alleging that the trial court erred in |3denying their exceptions of no cause of action and prescription. We first note that the law does not favor disavowal actions.
In order to protect innocent children against attacks upon their paternity, the law prohibits disavowal of paternity except *676 within extremely narrow limits and then only if done promptly after the birth of the child. Tannehill v. Tannehill, 261 La. 933, 261 So.2d 619 (1972). Because of the social and legal stigmas which attach to illegitimacy, our jurisprudence has established an unwavering dedication to the rule of strict construction of the articles governing disavowal actions. Pounds v. Schori, 377 So.2d 1195, 1200 (La.1979).
Guillory v. Guillory By Arceneaux, 615 So.2d 975, 977 (La.App. 1 Cir.1993).
The husband of the mother is presumed to be the father of a child bom or conceived during the marriage. La.Civ.Code art. 184. The husband has 180 days from the time he learns or should have learned of the birth of the child to bring an action to disavow paternity, unless there exists reasons beyond the husband’s control which prevent him from filing suit timely. La.Civ.Code art. 189. Ka-malie was born on June 16,1985. Absent an acceptable reason for delay, Mr. Whiddon should have filed an action for disavowal no later than December 13,1985.
Mr. Whiddon contends only that Ms. Whiddon led him to believe through misrepresentation, fraud, or deception that he was the biological father of Kamalie. He does not contend that he did not know of Kama-lie’s birth. To the contrary, he testified to his knowledge of her birth and to conversations he had with one of the nurses who cared for Kamalie while she was in the hospital immediately following her birth. In applying La.Civ.Code art. 189, Louisiana courts have “routinely rejected a husband’s allegations that misrepresentations concerning the paternity of a child constituted ‘reasons beyond his control,’ causing him to forego instituting a disavowal action.” Burke v. Ledig, 94-2044, p. 3 (La.App. 1 Cir. 5/5/95); 655 So.2d 546, 547 [quoting Mills v. Mills, 626 So.2d 1230, 1231 (La.App. 3 Cir.1993) ], writ denied, 95-1857 (La.11/17/95); 663 So.2d 720. Clearly, any claim Mr. Whiddon pmay have had under La.Civ.Code art. 189 has prescribed.
However, Mr. Whiddon also relies on the provisions of La.R.S. 9:305 to argue that his action has not prescribed. La.R.S. 9:305, which was enacted by Acts 1993, No. 32 of the legislature, provides as follows:
Notwithstanding the provisions of Civil Code Art. 189 and for the sole purpose of determining the proper payor in child support cases, if the husband, or legal father who is presumed to be the father of the child, erroneously believed, because of misrepresentation, fraud, or deception by the mother, that he was the father of the child, then the time for filing suit for disavowal of paternity shall be suspended during the period of such erroneous belief or for ten years, whichever ends first.
Section 2 of the Act is pivotal to our decision in this case and provides as follows:
The provisions of this Act shall be applied retrospectively such that a husband or legal father who, because of the mother’s misrepresentation, fraud, or deception, erroneously believed he was the father of a child, and whose action for disavowal has prescribed, may institute such an action ancillary to any child support proceeding brought within one hundred eighty days of the effective date hereof, and any such suit not instituted within that time and any claims relating thereto shall be forever barred.
(Emphasis added).
The effective date of La.R.S. 9:305 was August 15, 1993. Mr. Whiddon brought this action on February 21, 1995, more than one year after the effective date of the Act. Therefore, any claim he may have had under La.R.S. 9:305 has also prescribed.
The law provided Mr. Whiddon with two opportunities to attempt to disavow Kamalie, and he failed to take advantage of either of these opportunities. Mr. Whiddon’s action to disavow the child has prescribed, and the trial court erred in concluding that it had not prescribed. Because we dispose of this action on the exception of prescription, we need not address the ruling on the exception of no cause of action.
DISPOSITION
For the foregoing reasons, the judgment of the trial court is reversed, the | r,exception of prescription is granted, and the claims of *677 Charles Dwayne Whiddon are dismissed at his cost.
REVERSED AND RENDERED.

. The record indicates that Mr. Whiddon was seeking joint custody of the children for the purpose of obtaining the authority to have blood testing performed on Kamalie to determine if he were in fact her biological father.