liAMY, Judge.
Plaintiff, Clinton E. Fruge, Sr., appeals from the trial court’s granting of an exception of prescription filed by defendant, Jacqueline Miller Fruge, dismissing his petition to disavow paternity. For the reasons which follow, we affirm.
*933 DISCUSSION OF THE RECORD
Clinton E. Fruge, Sr. [Clinton] and Jacqueline Miller Fruge [Jacqueline] were married on September 18, 1971 in Lake Charles, Louisiana. During their marriage, four children were born, Kimberly, Kristie, Clinton II, and Velvet. On June 10, 1988, Clinton filed for divorce under La.Civ.Code art. 102. On July 7, 1988, the trial court granted a judgment of divorce. On January 27, 1989, the trial court amended the judgment of divorce to include that (1) Clinton was to maintain insurance on the minor children of the marriage through his employment; (2) Jacqueline was to have “care, custody, and control” of the minor children; and (3) Clinton was to pay $125.00 per child, per month in child support, for a total of $500.00.
|2However, throughout the years following their divorce, Clinton has been in arrears in payment of child support. On March 22, 1991, the State of Louisiana Department of Health and Human Resources, Office of Social Services, brought an action on behalf of Jacqueline, pursuant to La.R.S. 46:236.1 et seq. against Clinton for child support for the minor children. On May 1, 1991, the trial court issued an Income Assignment Order authorizing Clinton’s employer to withhold part of his wage or salary for the purpose of paying his back due child support. The trial court found Clinton to be $1,350.00 in arrears. Further, the trial court ordered (1) Clinton pay ongoing child support of $375.00 per month, plus $25.00 per month on the arrears; (2) Clinton’s employer to withhold earnings to pay child support; and (3) Clinton to maintain health insurance on the children and pay one-half of any medical expenses not covered. On December 14, 1992, the State filed a Rule for Contempt against Clinton alleging that he had not paid child support and was in arrears of $5,567.09.
On March 24, 1993, the trial court rendered judgment against Clinton, finding him to be in arrears of $5,834.95. Further, the trial court ordered Clinton to continue paying ongoing child support in the amount of $375.00, plus an additional 5% administrative fee of $18.75 and $50.00 on the arrears per month, plus a $2.50 administrative fee to be paid through an income assignment. On September 22,1993, Clinton filed a Motion to Decrease child support which the trial court subsequently denied.
On November 11, 1994, Clinton filed a Rule for Reduction in Child Support and Petition to Disavow Paternity alleging that Velvet, the youngest child bom during the marriage, was not his biological daughter. In support of his allegation, Clinton asserted that: (1) because of misrepresentation, fraud and/or deception on behalf of 13Jacqueline, he erroneously believed he was the father of Velvet; and (2) he had a surgical procedure performed in March of 1977 which prevented him from contributing to the conception of Velvet, who was bom on November 29,1984. In response, the State of Louisiana, on behalf of Jacqueline, filed an Exception of No Cause of Action and No Right of Action and Prescription.
A hearing was held on the State’s exceptions on August 31, 1995. On December 7, 1995, the trial judge rendered a judgment granting the State’s peremptory exception of prescription and reducing Clinton’s child support obligation to $142.00 per month, plus an administrative fee of 5% payable through an immediate income assignment.
Clinton appeals from that judgment and asserts that the trial court erred in granting the State’s peremptory exception of prescription.
LAW
Clinton argues that the trial court erred in holding that his action for disavowal pursuant to La.R.S. 9:305 was prescribed.
La.Civ.Code art. 184 states that the husband of the mother is legally “presumed to be the father of all children bom or conceived during the marriage.” However, La. Civ.Code art. 187 further provides that in limited circumstances the husband may rebut this statutory presumption.[1] But, Article 189 provides:
*934 14A. suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability.
This court has repeatedly applied the 180-day limitation of Article 189 and, has never held misrepresentation by the wife or her failure to be truthful sufficient to constitute reasons beyond a husband’s control. Mills v. Mills, 626 So.2d 1230 (La.App. 3 Cir.1993); Phillips v. Phillips, 467 So.2d 132 (La.App. 3 Cir.1985). The purpose of Article 189 is “to preserve the family unit and to avoid the stigma of illegitimacy and resultant disinheri-son accompanying a successful disavowal action.” Phillips, 467 So.2d at 136. To further the purpose of this article, Louisiana courts have held the 180-day limitation to be a peremptive period. See, e.g., Pounds v. Schori, 377 So.2d 1195 (La.1979); Mills, 626 So.2d 1230; Farrell v. Farrell, 555 So.2d 39 (La.App. 1 Cir.1989); See Goodrich v. Goodrich, 421 So.2d 958 (La.App. 3 Cir.1982).
Prior to the passage of Act No. 32 during the legislature’s 1993 regular session, Article 189 was the only disavowal action available. However, during its 1993 regular session, the legislature passed Act No. 32, effective August 15, 1993. Section 1 enacted La.R.S. 9:305, which provides:
Notwithstanding the provisions of Civil Code Art. 189 and for the sole purpose of determining the proper payor in child support cases, if the husband, or legal father who is presumed to be the father of the child, erroneously believed, because of misrepresentation, fraud, or deception by the mother, that he was the father of the child, then the time for filing suit for disavowal of paternity shall be suspended during the period of such erroneous belief or for ten years, whichever ends first.
Section 2 of the Act passed during the 1993 regular section declared:
15The provisions of this Act shall be applied retrospectively such that a husband or legal father who, because of the mother’s misrepresentation, fraud, or deception, erroneously believed he was the father of a child, and whose action for disavowal has prescribed, may institute such an action ancillary to any child support proceeding brought within one hundred eighty days of August 15, 1993, and any such suit not instituted within that time and any claims relating thereto shall be forever barred.
Clinton argues that, under Section 1, his claim has not prescribed because Velvet was born on November 29, 1984 and that he filed his action for disavowal within ten years, November 10, 1994. However, the State contends that La.R.S. 9:305 Section 1 applies to a father of a child born after the effective date. Further, the State insists that Section 2 provides retroactive application only if the action to disavow paternity is brought ancillary to a child support proceeding within 180 days of August 15, 1993, the effective date of the statute. The State asserts that Velvet was born prior to the enactment of La.R.S. 9:305, thereby rendering Section 2 as Clinton’s only viable option. Finally, the State contends that Clinton filed his disavowal action 272 days after the statute’s effective date and, therefore, his action is prescribed and deemed “forever barred.” The trial court agreed with the State’s interpretation of La.R.S. 9:305 in granting its exception of prescription. We agree.
The jurisprudence interpreting the language of La.R.S. 9:305 is limited, but consistent. In Mills, 626 So.2d at 1232, we concluded that “[t]his provision retroactively extends the 180 day period in child support eases, only, to 180 days after its effective *935 date.” See also Burke v. Ledig, 94-2044 (La.App. 1 Cir. 5/5/95); 655 So.2d 546, writ denied, 95-1857 (La.11/17/95); 663 So.2d 720. In Burke, a father brought an action to disavow paternity of children born prior to enactment of La.R.S. 9:305 ancillary to a rule to increase child support. The father alleged that, under the first section of La. R.S. 9:305, he was entitled to relief because he erroneously believed that he was the father of the children because of his wife’s fraud and ^deception. There was no dispute that his claim for disavowal had prescribed under La.Civ.Code art. 184. In Burke, 655 So.2d at 548, the first circuit stated:
In eases such as this one, where the husband’s disavowal action has prescribed, the provisions of Act No. 32 retroactively extend the 180-day period to 180 days after its effective date of August 15, 1993. Further, the disavowal action must be brought ancillary tó a child support proceeding.
Here, defendant filed a petition to disavow paternity on October 14,1993, approximately two months after the effective date of Act No. 32 and well within the time limit. The action was filed while a rule to increase child support was pending before the court and was thus an ancillary action. Accordingly, we need only determine whether the trial court erred in finding that defendant proved he erroneously believed he was the father of the children because of misrepresentation, fraud, or deception by plaintiff.
Further, Judge Whipple, in concurring with the majority, succinctly pointed out:
To avail himself of the provisions of La. R.S. 9:305, and, in particular, the ‘retrospective’ grace period provided in § 2, defendant was required to establish (1) that his otherwise prescribed action was instituted ‘ancillary to [a] support proceeding brought within one hundred eighty days of August 15, 1993’ and (2) that he ‘erroneously believed, because of misrepresentation, fraud, or deception by the mother, that he was the father of the child[ren].’ Otherwise, his action for disavowal would be prescribed herein, pursuant to La.Civ. Code art. 189.
We find that La.R.S. 9:305 applies retroactively to those individuals whose action under La.Civ.Code art. 189 has prescribed, only if such action is instituted within 180 days from August 15, 1993. Therefore, we conclude that the trial court was correct in holding that Clinton’s petition to disavow paternity of Velvet had prescribed because he had faded to file an action within 180 days from Velvet’s birth pursuant to La.Civ.Code art. 189 and, had also failed to institute his action to disavow ancillary to a child support proceeding within the statutorily granted 180-day grace period under La.R.S. 9:305. Accordingly, we conclude that Clinton’s argument is without merit.
_|_7_DECREE
For the foregoing reasons, the trial court’s grant of the exception of prescription is affirmed. Costs of this appeal are assessed against the plaintiff-appellant, Clinton E. Fruge.
AFFIRMED.

 La.Civ.Code art. 187 states:
The husband can disavow paternity of a child if he proves by a preponderance of the *934 evidence, facts which reasonably indicate that he is not the father. However, these facts must be susceptible of independent verification or of corroboration by physical data or evidence, such as scientific tests and verifiable physical circumstance of remoteness, including but not limited to any one of the following:
(1)Negative blood tests.
(2) Unmatched DNA prints.
(3) Sterility.
(4) Physical impossibility because of location during the time of conception.
(5) Any other scientific or medical evidence which the court may deem relevant under the circumstances.